## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JOHN G. STROMING,

                                        Plaintiff,

              v.                                                        5:22-CV-1253
                                                                        (BKS/ATB)

UNITED STATES OF AMERICA, et al.,

                                        Defendants.

JOHN G. STROMING, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a pro se complaint filed by plaintiff John G. Stroming, in which he has sued the United States, the New York State Police, and six individuals, invoking the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346; 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights"); and 18 U.S.C. § 242, a criminal statute directed at "Deprivation of civil rights under color of law."   (Dkt. No. 1) ("Compl."). Plaintiff originally filed a motion for leave to proceed in forma pauperis ("IFP") (Dkt. No. 2), which Chief U.S. District Judge Brenda K. Sannes found to be incomplete, resulting in the administrative closure of the case (Dkt. No. 3). Plaintiff thereafter filed a new motion to proceed IFP (Dkt. No. 6), which was accepted, and the case was reopened (Dkt. No. 7).

## I.    In Forma Pauperis ("IFP") Application

Plaintiff's second IFP application declares that he is unable to pay the filing fee. (Dkt. No. 6). After reviewing his application, this court finds that plaintiff is

financially eligible for IFP status, although, because he is an inmate, he will be required to submit an inmate authorization form–Form G on the Northern District of New York's public website.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   **Complaint**

Plaintiff alleges that, in or around September 2010, when he was confined in Clinton County Jail, his niece, defendant Tiffany Wood, "illegally" searched plaintiff's personal property, which was stored at his mother's home. (Compl., ¶ 7). Defendant Wood then turned over some of plaintiff's property, including some video camera cassettes, to defendant Eric Barnes, an investigator with the New York State Police. (*Id*., ¶¶ 7-8). Plaintiff alleges that Inv. Barnes, along with defendant Investigators Timothy Ayers and Jeff Goldman, thereafter fabricated evidence and testified falsely at a trial,[1] resulting in plaintiff's "wrongful" conviction for Sexual Exploitation of a Child, Felony Offense Involving a Minor by a Registered Sex Offender, and Possession of Child Pornography.[2] (*Id*., ¶¶ 9-11).

---

[1] The complaint alleges that a man depicted in one of the videos had a mole on his penis, and the officers presented photographs and evidence indicating that plaintiff had such a mole on his penis. Plaintiff denies however having such a mole on his penis and claims that the officers falsified the photographic evidence and committed perjury at trial. (Compl., ¶¶ 8, 10, 11).

[2] The court may take judicial notice that Stroming was prosecuted, convicted, and sentenced on these offense in the Northern District of New York, and that his conviction was subsequently affirmed on appeal by the Second Circuit. (N.D.N.Y. Case No. 1:17-CR-403, Dkt. Nos. 45 (Superseding Indictment, filed 4/17/2019), 75 (5/7/2019 Jury Verdict), 97 (10/4/2019 Judgment), and 106 (1/22/2021 Decision of Second Circuit affirming conviction and sentence)).

As noted above, in introducing his claims, plaintiff referenced the FTCA, 42 U.S.C. § 1985, and 18 U.S.C. § 242.  In concluding his complaint, the plaintiff asserted a laundry list of ground for his claims–"tortious crimi[na]l and civil rights violations, Conspiracy to interfere with civil rights, . . . U.S. Constitutional Amendments 4, 5, 6, 8, & 14th, the Right to be free from illegal searches and seizures, Nor be deprived of life, liberty, or property, without due process of law, . . . Nor deny to any person . . . the equal protection of the laws. . . ."  (Compl. ¶ 12).  The plaintiff also referenced "Libel, slander, intentional infliction of emotional distress, Mental anguish, and the assault's [sic] & battering plaintiff endured at the hands of correctional staff and fellow prisoners due [to] the publicity the news gave the conviction".  (*Id*. ).

## III.   **Federal Tort Claim Act, the United States, and AUSA Kopita**

The FTCA constitutes a limited waiver of sovereign immunity by the United States and permits a tort suit against it only under specified circumstances.  *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012).[3]  Relevant to this case, the FTCA specifically waives sovereign immunity for claims of false imprisonment, false arrest, and malicious prosecution "with regard to acts or omissions of investigative or law enforcement officers of the United States."  28 U.S.C. § 2680(h).  "Investigative or law enforcement officer" is defined, for purpose of this subsection, as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  *Id*.  The law enforcement officers named as

---

[3] In an FTCA action predicated on the tortious conduct of federal officers, the United States must be substituted as the sole defendant. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994).

defendants in the action are all employed by the New York State Police, and the complaint provides no basis to suggest that they would qualify as officers of the United States whose conduct would support an FTCA claim.

The FTCA does not authorize suits for intentional torts, such as malicious prosecution, based upon the actions of government prosecutors, including Assistant U.S. Attorney ("AUSAs").  *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994); *Bakowski v. Kurimai*, No. 3:98 Civ. 2287, 2000 WL 565230, at *3 (D. Conn. Mar. 20, 2000), *aff'd*, 387 F. App'x 10 (2d Cir. 2003); *Quinoy v. Pena*, No. 13-CV-1945, 2014 WL 1998239, at *6 (S.D.N.Y. May 14, 2014).  The only federal employee identified by plaintiff as a defendant in the complaint is AUSA Katherine E. Kopita.  Her conduct in prosecuting the criminal charges against the plaintiff would not support a claim under the FTCA.  Even if named individually in a *Bivens* civil rights action,[4] federal prosecutors such as AUSA Kopita "are entitled to absolute immunity with respect to their 'prosecutorial functions.'"  *Bouchard v. Olmsted*, 775 F. App'x 701, 702–04 (2d Cir. 2019).  Thus, any of plaintiff's claims against AUSA Kopita and any claims against the United States, predicated on the FTCA or otherwise, are subject to dismissal.

## IV.    The New York State Investigators in their Individual Capacities

Because plaintiff is a pro se litigant, the court must "read his supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."

---

[4] In *Bivens*, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  Thus, a Bivens action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983.  *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981).

*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Plaintiff's allegations that the three New York State Police investigators named as defendants conspired to fabricate evidence against him that was used against him at trial[5] most strongly suggest a due process/fair trial claim under 42 U.S.C. § 1983.[6]

"The elements of a § 1983 conspiracy claim for deprivation of civil rights include, (1) an agreement between two or more state actors, or a state actor and a private entity, (2) to act in concert to inflict constitutional injury, [and] (3) an overt act done in furtherance of the goal of causing damages."  *McCray v. City of New York*, No. 03-CV-1008, 2007 WL 4352748, at *23 (S.D.N.Y. Dec. 11, 2007) (citing *Pangburn v.*

[5] Plaintiff's claims appear to be based, in part, on the officers' alleged violations of federal or state criminal statutes such as 18 U.S.C. § 242 and perhaps statutes outlawing perjury or evidence tampering.  However, plaintiff may not assert claims under Section 1983 based on criminal violations.  *See, e.g., Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 348 n.19 (S.D.N.Y. 2014) (allegations that defendants violated criminal statutes by submitting false statements and falsified documents, or committing perjury "cannot form the basis of a . . . § 1983 or related claim given that those statutes apply only to violations of federal constitutional rights") (collecting cases); *Patterson v. Patterson*, No. 1:16-CV-844, 2019 WL 1284346, at *7 (W.D.N.Y. Mar. 20, 2019) ("Courts within this Circuit have accordingly held consistently that criminal charges . . . 'cannot be prosecuted by a private person.'") (collecting cases).  Moreover, the defendants are protected from civil liability by absolute immunity to the extent plaintiff's claims are predicated on their testimony before a grand jury or at trial.  "[W]itnesses, including police officers, who testify in judicial proceedings[,] . . . 'are integral parts of the judicial process' and, accordingly, are shielded by absolute immunity."  *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (citations omitted).

[6] Plaintiff's complaint invokes 42 U.S.C. § 1985, which permits the recovery of damages against persons who conspire to violate a plaintiff's civil rights.  A valid claim under Section 1985 must allege that the conspiracy was "motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'"  *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (citation omitted); *White v. Moylan*, 554 F. Supp. 2d 263, 265 n.1 (D. Conn. 2008) (citations omitted).  Plaintiff's claim does not allege that the alleged conspiracy against him was motivated by racial or other similar animus, so does not state a plausible claims under Section 1985.  *See, e.g., Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 208 (E.D.N.Y. 2010) (dismissing § 1985 claim "on the ground that plaintiff has not alleged that the conspiracy is motivated by class-based discriminatory animus").

*Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).

"When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (citations omitted). To succeed on a Section 1983 claim alleging a fair trial violation, a plaintiff must prove that "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Ross v. City of New York*, No. 17-CV-3505, 2019 WL 4805147, at *5 (E.D.N.Y. Sept. 30, 2019) (*quoting Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)).

"Whether the proceeding was terminated in a manner indicative of innocence . . . is not dispositive in the context of a section 1983 fair-trial claim." *Smalls v. Collins*, 10 F.4th 117, 138-39 (2d Cir. 2021). "Where the plaintiff asserts a section 1983 fair-trial claim based on fabricated evidence, all that is required is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an ongoing prosecution or outstanding conviction." *Id*. at 139 (citing *McDonough v. Smith*, __ U.S. __, 139 S. Ct. 2149, 2158 (2019)). Even if plaintiff were able to sustain the other elements of a due process/fair trial claim, his claims based on the fabrication of evidence used against him at trial would clearly impugn the integrity of his outstanding convictions, which have been affirmed on appeal. Thus, even plaintiff's strongest

7

imputed claim–for a violation of due process and denial of a fair trial–is not viable.[7]

Plaintiff's due process/fair trial claim, as well as any claim for malicious prosecution, would also be barred on other grounds because plaintiff's criminal convictions have not been invalidated.  Civil lawsuits may not be used to collaterally attack criminal convictions.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id*. at 486-87.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Bowers v. Kelly*, No. 13 Civ. 06265, 2015 WL 2061582, at *3 (S.D.N.Y. May 4, 2015).

_____

[7] Plaintiff's complaint does not appear to assert a malicious prosecution claim, but any such claim would be subject to dismissal on similar (and other) grounds.  "The elements of a malicious prosecution claim under section 1983 are derived from applicable state law."  *Swartz v. Insogna*, 704 F.3d 105, 111 (2d Cir. 2013) (citation omitted).  The Second Circuit has "stated these elements, under New York law, to be (1) commencement of a criminal proceeding, (2) favorable termination of the proceeding, (3) lack of probable cause, and (4) institution of the proceedings with actual malice."  *Id*. at 111-12 (citations omitted).  Based on a recent decision of the Supreme Court, "[a] plaintiff need only show that the criminal prosecution ended without a conviction," to satisfy the favorable termination element.  *Thompson v. Clark*, __ U.S. __, 142 S. Ct. 1332, 1341 (2022).  Given that plaintiff's criminal convictions have not been invalidated in any fashion, the "favorable termination" element for malicious prosecution has not been established, even in light of the Supreme Court's recent clarification regarding that element.

8

Given that plaintiff's criminal convictions have not been overturned, the claims that he was denied due process and a fair trial (or any claim for malicious prosecution) would be barred by *Heck*. *See, e.g.*, *Bowers v. Kelly*, 2015 WL 2061582, at \*3-4 ("Plaintiff's malicious prosecution, *Brady*, fair trial and conspiracy claims all directly attack the propriety of the criminal action against Plaintiff. As they are inconsistent with his state court criminal conviction, they must be dismissed [pursuant to Heck].")[8] *See also Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (applying Heck to claims under 28 U.S.C. §§ 1981, 1985 and 1986 that "asserted existence of a conspiracy to frame plaintiff" because they "plainly would call into question the validity of his conviction").

## IV.   The New York State Police and the Investigators in their Official Capacity

The Eleventh Amendment to the U.S. Constitution limits the power of the federal judiciary, such that it "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Generally, the Eleventh Amendment prevents damages actions against states in federal court unless and until the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Eleventh Amendment further shields state officials from liability when they act in their official capacities, because the true party in interest is the state, not the official. *Id*. at 167.

---

[8] *Bowers* also noted: "The dismissal is without prejudice, but the claims may be reasserted only if the state court conviction is overturned, as the Supreme Court described in *Heck*." *Id*.

9

The Supreme Court has held that Congress did not intend to abrogate sovereign immunity by enacting 42 U.S.C § 1983. *Edelman v. Jordan*, 415 U.S. 651, 674-77 (1974). "Thus, both the State Police (a governmental subunit of the State of New York) and the Investigators, in their official capacities, are immune from [this] suit." *Seitz v. DeQuarto*, 777 F. Supp. 2d 492, 499 (S.D.N.Y. 2011); *Everett v. Dean*, No. 3:20-CV-1260 (FJS/ML), 2021 WL 765762, at *6 (N.D.N.Y. Feb. 26, 2021), *report and recommendation adopted*, 2021 WL 3046801 (N.D.N.Y. Mar. 30, 2021) (plaintiff's section 1983 civil rights claims against New York State employees in their official capacities for monetary damages are barred by the Eleventh Amendment).

## VI.    Defendant Woods and Hildebrandt

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). While private individuals are not state actors, such individuals can be liable under Section 1983 if they acted either "jointly" or "in conspiracy" with a state actor to deprive the plaintiff of a constitutional right. *Stewart v. Victoria's Secret Stores*, LLC, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *see also Betts v. Shearman*, 751 F.3d 78, 84 n.1 (2d Cir. 2014). However, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."

10

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

Defendant Hildebrandt was plaintiff's second court-appointed ("CJA") lawyer in his criminal case. (Compl., ¶ 2; N.D.N.Y. Case No. 1:17-CR-403, Dkt. Nos. 41, 42). "[T]he law is clear that an attorney appointed pursuant to the CJA who performs 'a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" is not a state actor. *Benjamin v. Branden*, No. 21-CV-4927, 2022 WL 1092681, at *2 (E.D.N.Y. Apr. 12, 2022) (collecting cases). "Section 1983 'was enacted to redress civil rights violations by persons acting under color of State law' and should not be used by clients disappointed with the performance of their attorneys." *Brooks v. New York State Supreme Court*, No. 02-CV-4183, 2002 WL 31528632, at *3 (E.D.N.Y. Aug.16, 2002) (citation omitted)). Plaintiff's complaint makes no allegation about any malfeasance on the part of Attorney Hildebrandt, nor does it include any explicit allegation that he conspired with anyone to violate plaintiff's constitutional or other rights. Thus, the complaint makes no plausible claim that Attorney Hildebrandt was a state actor or a conspirator liable for any violation of plaintiff's rights.

Plaintiff's niece, Tiffany Wood, allegedly conducted an "illegal" search of plaintiff's room in his mother's house and turned over certain evidence to the New York State Police that resulted in plaintiff's prosecution. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. It is well-settled that the "surreptitious search of premises by a private party does not violate the Fourth Amendment" unless such individual is acting

11

as an instrument or agent of the government in obtaining evidence. *United States v. Bennett*, 709 F.2d 803, 805 (2d Cir. 1983). *See also United States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) ("Fourth Amendment principles governing searches and seizures apply only to "governmental action" and are thus "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.")

Nothing in plaintiff's complaint suggests that defendant Wood conducted her search of plaintiff's personal property at the behest of the New York State Police or that law enforcement played any role in her search. Hence, neither defendant Wood, nor the New York State Police Investigators to whom she entrusted plaintiff's video cassettes violated plaintiff's Fourth Amendment rights. *See, e.g., United States v. DiTomasso*, 81 F. Supp. 3d 304, 306, 309-11 (S.D.N.Y. 2015), *aff'd*, 932 F.3d 58 (2d Cir. 2019) (when internet service provider reviewed screen shots of defendant's chats for business reasons "and–believing that they contained evidence of child pornography–dispatched three reports to the National Center for Missing and Exploited Children," its conduct "constituted a purely 'private search,' beyond the reach of the Fourth Amendment.")

Nothing in plaintiff's complaint suggests that Tiffany Wood conspired with anyone to fabricate evidence against plaintiff or to otherwise violate his constitutional rights. Accordingly, she cannot be considered a state actor liable for any claim under Section 1983. Although defendant Wood subsequently testified in plaintiff's criminal trial (N.D.N.Y. Case No. 1:17-CR-403, Dkt. Nos. 102 at 165-81), she would have

absolute immunity with respect to her trial testimony based on the authority cited above, in note 5.

## VII.  **Other Referenced Claims**

As noted above, plaintiff closes out his complaint by referencing, in conclusory fashion, a laundry list of other possible grounds for claims against the named defendants.  The court has identified and addressed any possible civil rights or other federal claims remotely suggested by the relatively sparse factual allegations in the complaint.  While the Second Circuit requires that pro se pleadings be liberally construed, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."  *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).  The conclusory last paragraph of the complaint does not give the defendants a fair understanding of any basis for the various possible claims that this court did not address above.

To the extent plaintiff references possible claims under state law, the court notes that there does not appear to be any basis for diversity jurisdiction because all of the parties appear to be citizens of New York.  This court has found that plaintiff has not

identified any plausible federal claim against any of the named defendants and would recommend against the exercise of supplemental jurisdiction over the state law claims summarily referenced at the end of plaintiff's complaint. See, e.g., *Lawtone-Bowles v. City of New York, Dep't of Sanitation*, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) ("When all federal claims are eliminated before trial, the balance of factors to be considered–including judicial economy, convenience, fairness, and comity–typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims.") (citing, inter alia, *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122-24 (2d Cir. 2006)).

## VIII. <u>Opportunity to Amend</u>

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). This court recommends that plaintiff's claims be dismissed without prejudice, other than with respect to any claims against AUSA Katherine E. Kopita, the New York State Police, and New York State Police Investigators Barnes, Ayers, and Goldman, to the extent they are sued in their official capacity.

PLAINTIFF IS ADVISED THAT HE SHOULD NOT SEEK TO FILE A MOTION TO AMEND HIS COMPLAINT UNTIL CHIEF U.S. DISTRICT COURT JUDGE SANNES RULES ON THIS COURT'S RECOMMENDATIONS WITH RESPECT TO PLAINTIFF'S ORIGINAL CLAIMS. ANY MOTION TO AMEND

14

FILED BEFORE JUDGE SANNES'S DECISION WITH RESPECT TO THIS
COURT'S RECOMMENDATIONS WILL BE STRICKEN AS PREMATURE AND
WILL NOT BE CONSIDERED BY THE COURT.  As noted below, however, the
plaintiff may file objections to this court's recommendations.

   **WHEREFORE**, based on the findings above, it is

   **ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 6) is **GRANTED**
for purposes of filing and any appeal, unless the trial court certifies in writing that the
appeal is not taken in good faith (see 28 U.S.C. § 1915(a)(3)), and it is

   **ORDERED** that the plaintiff complete and submit to the court, an executed
Inmate Authorization Form, a blank copy of which the Clerk will mail to plaintiff, and
it is

   **RECOMMENDED**, that all claims against the AUSA Katherine Kopita; the
New York State Police; and New York State Police Investigators Eric Barnes, Timothy
Ayers, and Jeff Goldman, only to the extent named in their official capacities, be
**DISMISSED WITH PREJUDICE**, and it is

   **RECOMMENDED,** that, to the extent the court has identified claims currently
barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims be **DISMISSED**
**WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND** unless and until
one or more of plaintiff's criminal conviction identified herein are reversed on direct
appeal, expunged by executive order, declared invalid by a state tribunal authorized to
make such determination, or called into question by a federal court's issuance of a writ
of habeas corpus, and it is

**RECOMMENDED,** that plaintiff's remaining claims against all defendants be **DISMISSED WITHOUT PREJUDICE,** and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 24, 2023

Andrew T. Baxter
U.S. Magistrate Judge