UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN G. STROMING,

v.                                                                    5:22-CV-1253
                                                                      (GTS/ATB)

UNITED STATES OF AMERICA, et al.

_____

APPEARANCES:

JOHN G. STROMING, 11-A-1181
   Plaintiff, *Pro Se*
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

John G. Stroming ("Plaintiff") filed this action *pro se* alleging a violation of the

following: the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346; 42 U.S.C. § 1985

("Conspiracy to interfere with civil rights"); 18 U.S.C. § 242, a criminal statute directed at

"Deprivation of civil rights under color of law"; and 42 U.S.C. § 1983.   (Dkt. No. 1 ["Compl."].)

This matter was subsequently referred to United States Magistrate Judge Andrew T. Baxter, who

on  January 24, 2023, issued a Report-Recommendation recommending that Plaintiff's claims be

dismissed. (Dkt. No. 8.)  Magistrate Judge Baxter advised Plaintiff that, pursuant to 28 U.S.C. §

636(b)(1), he had fourteen days within which to file written objections to the Report-

Recommendation, and that the failure to object to the report within fourteen days would preclude

appellate review. (*Id.* at 16.)  Plaintiff did not file an objection to the Report-Recommendation.

Because no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** **in its entirety**; and it is further

**ORDERED** that all claims asserted in Plaintiff's Complaint (Dkt. No. 1) against the AUSA Katherine Kopita, the New York State Police, and New York State Police Investigators Eric Barnes, Timothy Ayers, and Jeff Goldman, to the extent they are asserted against those Defendants in their official capacities, are **DISMISSED** **with prejudice;** and it is further

**ORDERED** that, to the extent the Court has identified claims in Plaintiff's Complaint (Dkt. No. 1) that are currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims are **DISMISSED** **without prejudice and without prior leave to amend UNLESS AND UNTIL** one or more of Plaintiff's criminal convictions identified herein are reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus; and it is further

**ORDERED** that the remaining claims in Plaintiff's Complaint (Dkt. No. 1) asserted against all Defendants are **DISMISSED** **without prejudice**; and it is further

2

**ORDERED** that the Clerk of the Court is directed to close this case.

Dated:  July 24, 2023
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge